IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 19–33–M–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| PATRICK RYAN O'LEARY, | |
| Defendant. | |

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant Patrick Ryan O'Leary moves the Court to reduce his sentence to time served. (Docs. 77; 82.) O'Leary supports his motions by pointing to his rapidly deteriorating health; specifically, he seeks a liver transplant that is available to him only if he is released. (Doc. 77 at 1–2.) While the Court is sympathetic to O'Leary's situation, it denies his motions for a sentence reduction.

**BACKGROUND**

In September 2019, O'Leary pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Doc. 47.) On January 10, 2020, the Court sentenced O'Leary to the five-year statutory minimum on the firearm count and sixty months on the

1

drug count, for a total custodial sentence of ten years.  (Doc. 61.)  Since his sentencing, O'Leary has resided at Crossroads Correctional Facility in Shelby ("Crossroads"), Montana, and is currently awaiting transport to the Bureau of Prisons' low security facility in Butner, North Carolina ("FCC Butner").  (Doc. 85 at 2.)  The United States Marshals Service intends to effect O'Leary's air transport to FCC Butner within the next two weeks.  (*Id.*)

O'Leary's medical conditions are undisputedly severe, and his attorney has done an admirable job of creating a record of his status under the circumstances.  (*See* Docs. 78; 79; 82; 83.)  O'Leary argues that his terminal illness constitutes an "extraordinary and compelling reason warranting sentence reduction."  (Doc. 78 at 4.)  While he admits he has failed to exhaust administrative remedies, he explains that the urgency of his situation nevertheless compelled him to seek relief from the Court.  (*Id.* at 3.)

## DISCUSSION

Under the First Step Act ("the Act"), a defendant may move for a reduction of his sentence based on "extraordinary and compelling" reasons.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018).  However, his exhaustion of administrative remedies determines a court's ability to grant him relief.  That is, a federal court

2

may only modify an imposed term of imprisonment "upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal* a failure of the Bureau of Prisons to bring a motion on [his] behalf . . . if it finds that [] extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Contrary to O'Leary's framing, the threshold question under the Act is not whether the Court agrees that "extraordinary and compelling reasons" exist to warrant reduction. (*See* Doc. 78 at 4.) Instead, the plain language of the Act imposes a preliminary exhaustion requirement. *See, e.g.*, *United States v. Allen*, No. 2:17-CR-0229-TOR-12, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (explaining that defendants must effectively exhaust administrative remedies before petitioning the district court); *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020) (stating the same); *see also United States v. Brown*, 411 F. Supp. 3d 446, 451–52 (S.D. Iowa 2019) (characterizing the exhaustion requirement as a "threshold matter"). To read the statute otherwise would render meaningless the phrase "after the defendant has fully exhausted all administrative rights."

As already noted, O'Leary concedes his failure to exhaust administrative remedies in the Bureau of Prisons before he turned to the Court for relief. (Doc. 78 at 3.) Nevertheless, and pointing to a recent order out of the Eastern District of

3

Washington in support, he argues that he should be excused from the Act's threshold requirement based on the Bureau of Prisons' awareness of his medical condition. (Doc. 82 at 8.) However, the case on which O'Leary relies to create a constructive notice exception to the exhaustion requirement is readily distinguishable from his.

There, the district court determined that the defendant had "effectively exhausted her administrative remedies by petitioning the BOP, giving them notice, and being told she does not have any other administrative path or remedies she can pursue." *Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1. In contrast, O'Leary does not claim, nor does anything in the record reflect, that he has petitioned the Bureau of Prisons or otherwise put it on notice of his *intent to request compassionate release*. Whether it is on notice of his various physical ailments is irrelevant to the question of whether it knows that he seeks sentence modification. Furthermore, and unlike the situation in *Gonzalez*, no Bureau of Prisons employee has indicated to O'Leary that its administrative appeals process is not applicable or possible under the circumstances. *See id.*

Therefore, while it sympathizes with his position, the Court cannot grant O'Leary the relief he seeks because he has failed to exhaust administrative remedies.

# ORDER

IT IS ORDERED that the motions (Docs. 77; 82) are DENIED for failure to exhaust administrative remedies as required under the First Step Act.

DATED this 2nd day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court