IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICK RYAN O'LEARY, <br><br> Defendant. | CR 19–33–M–DLC <br><br><br> ORDER |

Before the Court is Defendant Patrick Ryan O'Leary's Emergency and Unopposed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 105.) Mr. O'Leary moves the Court for compassionate release due to a terminal illness. (Doc. 106 at 1.) The United States does not object to this motion. (Doc. 105 at 2.) For the reasons stated herein, the Court will grant the motion.

Although a term of imprisonment is usually set in stone, Congress has "provided an exception, sometimes known as compassionate release," which permits this Court to reduce a custodial sentence "for 'extraordinary and compelling reasons.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). Specifically, the First Step Act, as amended in 2018, provides that a "court may not modify a term of imprisonment once it has been imposed except that in any case," the Court:

1

> [U]pon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A)(i).

"In other words, a court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf, or (b) 30 days have elapsed since the warden of the inmate's facility received a compassionate-release request from the inmate." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Such restrictions, however, constitute a "mandatory claim-processing rule" as opposed to a jurisdictional bar. *Id.* at 1281–82.

This is a significant distinction, because a Court need not enforce a "mandatory claim-processing rule" unless the United States invokes non-compliance as a defense. *Id.* Because the United States does not oppose the

motion (Doc. 105 at 2), the Court elects to presume in this case that § 3582(c)(1)(a)'s administrative exhaustion requirements have been fulfilled. (*See also* Doc. 106-1 at 1–11.)

As such, the question becomes whether: (1) "extraordinary and compelling reasons warrant" reducing Mr. O'Leary's term of imprisonment; and (2) whether "the factors set forth in section 3553(a) to the extent that they are applicable," otherwise counsel against compassionate release. *Keller*, 2 F.4th at 1283. Regarding the first inquiry, Congress has unfortunately "provided no statutory definition of 'extraordinary and compelling reasons.'" *Aruda*, 993 F.3d at 799. Instead, when presented with a § 3582(c)(1)(A) motion, this Court may look to the "Sentencing Commission's statements in U.S.S.G. § 1B1.13," regarding extraordinary and compelling circumstances. *Id.* at 801. Such statements are not binding, however, and simply inform this Court's discretion. *Id.*

Application notes to U.S.S.G. § 1B1.13 provides that "extraordinary and compelling reasons exist," if the "defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." "A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required" and "metastatic solid-tumor cancer," is provided as an example. *Id.* With this guidance in mind, the Court finds that extraordinary and compelling reasons justify compassionate release in this case.

Mr. O'Leary has provided substantial documentary evidence that he currently suffers from a terminal illness. Specifically, medical records evidence that Mr. O'Leary suffers from locally advanced hepatocellular carcinoma. (Doc. 106-2 at 1.) This cancer is possibly in stage IV and is manifested through masses on Mr. O'Leary's liver. (*Id.*) Prognosis is classified as "poor" and Mr. O'Leary's life expectancy as of June 22, 2021 was less than 1 year. (*Id.*) Another physician within the Bureau of Prisons does not generally disagree with these findings, but places Mr. O'Leary's life expectancy in the 2-year range. (Doc. 106-3.) Using U.S.S.G. § 1B1.13's commentary as a guide, the Court is satisfied that Mr. O'Leary's current medical outlook, constitutes an "extraordinary and compelling" justification for a sentencing reduction within the meaning of § 3582(c)(1)(A).

Turning to whether the relevant § 3553(a) factors caution against compassionate release, the Court finds they do not. The Court need not enumerate the familiar factors at length. 18 U.S.C. § 3553(a). Mr. O'Leary's offense conduct is serious, involving distribution of methamphetamine with a firearm. For this conduct, Mr. O'Leary received a 10-year custodial sentence, followed by 5 years of supervised release. (Doc. 61.) But reviewing the relevant factors through a new lens, the Court has no trouble concluding they support compassionate release in this case.

Take for example the factor related to medical care, 18 U.S.C. § 3553(a)(2)(D), or the overarching consideration that the defendant shall not be subjected a punishment that is greater than necessary, 18 U.S.C. § 3553(a). Both of these strongly favor Mr. O'Leary's release from imprisonment. Not only will opportunities for medical care be more abundant outside of the custodial environment, but the Court concludes that although Mr. O'Leary's offense conduct is serious, to punish Mr. O'Leary by forcing him to spend his last days suffering from cancer in custody and away from his family would be a far greater punitive measure than is necessary to fulfill this Court's sentencing objectives. Mr. O'Leary has by all accounts a clean disciplinary history since being incarcerated (Doc. 106-4) and the Court finds that his current medical ailments, in combination with supervised release, will alleviate any threat he might pose to the public.

Based on the foregoing, the Court will grant Mr. O'Leary's motion and reduce his term of imprisonment to time served. Mr. O'Leary will immediately begin a five-period of supervised release and be subject to all mandatory, standard, and special conditions of supervision outlined in the original judgment. (Doc. 106.) Mr. O'Leary will also be ordered to comply with the release plan approved by the United States Probation Office for the Eastern District of Washington on July 2, 2021. (Doc. 106-5.) The Court wishes Mr. O'Leary the best of luck on supervised release.

Accordingly, IT IS ORDERED that the motion (Doc. 105) is GRANTED.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. O'Leary's term of imprisonment is hereby reduced to time already served.

IT IS FURTHER ORDERED that, as soon as is practicable, Mr. O'Leary shall be released from the custody of the Bureau of Prisons.

IT IS FURTHER ORDERED that, immediately upon release from imprisonment, Mr. O'Leary shall begin a five-year period of supervised release, subject to all mandatory, standard, and special conditions of supervision outlined in this Court's original judgment. (*See* Doc. 61 at 3–5.)

IT IS FURTHER ORDERED that Mr. O'Leary shall follow and adhere to the release plan approved by the United States Probation Office for the Eastern District of Washington (*See* Doc. 106-5).

DATED this 19th day of August, 2021.

_____
Dana L. Christensen, District Judge
United States District Court